IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BRADLEY FREDERICK GUMMOW, *Plaintiff*, v. CAMERON MONYELLE *et al.*, *Defendants*. | NO. 3:22-CV-50433 HON. IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

*Pro se* litigants—like plaintiff Bradley Frederick Gummow—are entitled to the Court's solicitude through the liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But though the pleading standard for such litigants is "less stringent" than for parties represented by lawyers, *id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a *pro se* plaintiff's complaint must still give his opponents some minimum level of notice as to the contours of his claim if his suit is to proceed.

An indispensable element of Gummow's civil rights claims is the personal involvement of each defendant named—either in the violation of his constitutional rights (§ 1983); in a conspiracy to violate his constitutional rights (§ 1985); or in their failure to take action to prevent the conspired violation of his constitutional rights (§ 1986). *See Adams v. Pate*, 445 F.2d 105, 107 n.2 (7th Cir. 1971). His complaint, however, does not adequately state, even generally, what role each defendant allegedly played in any constitutional violations; beyond the caption, the named defendants make no

1

appearance in Gummow's complaint, and certainly do not appear in the narration of his claim. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Conspicuous by its absence from the complaint is any allegation of any act on the part of defendant toward the plaintiff. The only place where defendant was named was in the caption of the complaint . . . . Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). He avers only that the "Police" wronged him in various ways, Dkt. 11 at 4—but this "vague phrasing" does not "adequately connect specific defendants to illegal acts." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (affirming dismissal of a § 1983 due process claim for inadequately pleading personal involvement where the complaint alleged only that "one or more of the Defendants" had engaged in certain acts without identifying who exactly had done what). Even viewed under the lenient pleading standard for *pro se* litigants, Gummow's complaint does not adequately put the defendants on notice as to the basis of his asserted entitlement to relief against each of them.

\*   \*   \*

The defendants' motion to dismiss is granted, without prejudice. Gummow may file an amended complaint by June 26, 2024, remedying the defect identified in this order—that is, explaining *how* each defendant (to the extent known) *personally* participated in or allowed the alleged deprivation of his rights. If no amended complaint is filed by that time, the dismissal shall convert to one with prejudice.

2

Date: May 22, 2024

> _____
> HON. IAIN D. JOHNSTON
> *United States District Judge*