IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Bradley Frederick Gummow,<br><br>Plaintiff,<br><br>v.<br><br>Camaron Moneyelle, *et al.*<br><br>Defendants. | Case No.: 22-cv-50433<br><br>Judge Iain D. Johnston |

MEMORANDUM OPINION AND ORDER

Plaintiff Bradley Frederick Gummow brings this Amended Complaint ("Complaint") *pro se* against Defendants, four South Beloit Police officers, alleging § 1983 constitutional violations. Defendants moved to dismiss under F.R.C.P. 12(b)(6). For the reasons below, the Court grants-in-part and denies-in-part Defendants' Motion.

**Background**

The Court takes the following allegations from the Complaint and accepts them as true for the purposes of deciding this Motion.

On September 11, 2021, Gummow had a "verbal dispute" with his neighbor, where "nothing happened." Dkt. 47, ¶ 4. Sometime after that, "South Beloit Police" arrived at Gummow's home and "demanded he either come outside or open the door." *Id.* ¶ 5. (It's unclear from the Complaint if the "Police" include all and only the Defendants). Gummow refused to allow the Police into his home. *Id.*

Kicking Gummow's door in, *Id.* ¶ 24, Defendants nevertheless entered Gummow's home without a warrant. *Id.* ¶ 6. Gummow objected to Defendants' presence and immediately laid on the floor. *Id.* ¶ 8. Defendants then arrested Gummow for certain charges. *Id.* ¶ 8. While doing so and without provocation, Defendants "jointly" kneed, punched, and tased Gummow. *Id.* ¶ 9. Afterwards Defendants searched Gummow's home without a warrant or consent. *Id.* ¶ 10. Defendants authored a press release about the incident that was "false and without factual support." *Id.* ¶ 20.

**Analysis**

Federal Rule of Civil Procedure 8 requires only that a plaintiff's complaint contain a "short and plain statement" establishing the basis for the claim and the Court's jurisdiction. Fed R. Civ. P. 8(a). A plaintiff will survive a Rule 12(b)(6) motion if the

plaintiff alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

**Personal Involvement**

First, Defendants argue that Gummow's Complaint should be dismissed because it doesn't identify "which Defendants did what." Defendants are correct that "[v]auge references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise *a genuine issue of material fact*." (*Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (emphasis added). But that's not the 12(b)(6) standard. And though a court should dismiss a complaint that doesn't provide sufficient factual detail to establish personal responsibility, *Bishop v. White*, No. 16 C 6040, 2019 U.S. Dist. LEXIS 185769 (N.D. Ill. Oct. 28, 2019) (citing *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016), plaintiffs only need to establish that their claims against each are *plausible*.

Gummow alleges that four officers were involved in his arrest. Defendants argue that one of them (Truman) is the police chief and was absent during the incident. That's a fact question that the Court can't credit, but if it's true it reduces the number of officers to three. Gummow contends that the Defendants "jointly" kneed, punched, and tased him, while he was on the ground. It's unrealistic to expect that Gummow, at this stage, could pinpoint exactly which of the three or four officers took each action. Unlike his initial complaint, where apart from the caption Defendants made no appearance, this Complaint includes numerous references to Defendants' involvement throughout the claim narration. So, Defendants fail to demonstrate the Complaint's insufficiency.

**Count I: Excessive Force**

The Fourth Amendment permits officers to use only objectively reasonable force when making an arrest. *See Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016); *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 724 (7th Cir. 2013) (the reasonableness of the force used is determined by considering "the facts and circumstances that confronted the officer" at the time of the incident). Gummow alleges that, while on the ground, Defendants kneed, punched and tased him. He claims that he posed no threat and didn't resist arrest. Based on the pleadings, it's too early to determine whether Defendants used reasonable force. So, the Court won't dismiss Count I.

**Count II: False Arrest**

Gummow alleges that Defendants had no basis to arrest him. To prevail on this claim, he must ultimately show that "there was no probable cause for his arrest." *Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016). Gummow claims that he was in his home at the time of the incident, and Defendants arrested him without any basis. Whether or not that's true is a fact question appropriately addressed through discovery. The Court won't dismiss the false arrest claim at this early stage.

Gummow also claims, within Count II, that Defendants "acted to release a press release that was false and without factual support." He doesn't provide any other information, nor substantively respond to Defendants' Motion. So, to the extent the press release allegation forms a part of Count II or another, it's dismissed with prejudice.

**Count III: Destruction of Property**

The Fourth and Fourteenth Amendments provide a remedy when a citizen's property is unreasonably damaged during a search. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). Gummow claims that Defendants "destroy[ed] his property when they acted to kick his door in." This claim rests on slim, but sufficient allegations. Drawing a reasonable inference in Gummow's favor, the Court concludes Gummow plausibly pleads a destruction of property claim.

**Conclusion**

For the above reasons, Defendants' Motion is denied as to all parts except the allegedly defamatory press release component. That portion of the Complaint is dismissed with prejudice.

Entered: November 13, 2024       By: _____

                                                        Iain D. Johnston
                                                        U.S. District Judge